IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

AUDREY BLANCHARD,
PLAINTIFF,

v.                                CASE NO. CV-96-J-2371-J

PIGGLY WIGGLY, INC.
DEFENDANT.

## MEMORANDUM OPINION

The defendant in this case has filed a motion for summary judgment (doc. 22). The court has carefully reviewed the motion and the briefs of the parties. The defendant argues that the plaintiff cannot establish a prima facie case of intentional discrimination with respect to the challenged conduct of defendant. The party moving for summary judgment has the burden of demonstrating that no genuine issue of material fact exists and that he or she is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, (1986). After the moving party has met his burden of demonstrating the absence of any genuine issue of material fact, the non-moving party must make a showing sufficient to establish the existence of each element essential to that party's case. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. This Court **FINDS** that in the light most favorable to the non-moving party, there is no genuine issue of material fact and the defendant is entitled to a judgment as a matter of law.

The facts of this case are as follows: The plaintiff alleges that she heard about a vacancy at the defendant's store in Vernon, Alabama while shopping at the store in Winfield, Alabama. The plaintiff states that the manger at that store told her to call the Vernon store,

34

which the plaintiff did. The plaintiff went to the Vernon store and was told that the deadline had passed for applications, however, she completed an application anyway. See proposed pretrial order submitted by the parties. Both parties agree that the plaintiff was not hired or even interviewed for the position. The defendant alleges that before the application deadline, the decision was made that the store manager would perform the duties of "scan coordinator" permanently and that the position was not going to be filled by anyone. Neither party disputes that this position has never been filled.

Under the standard articulated in *McDonald Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817 (1973), the plaintiff must establish a prima facie case to show intentional discrimination by establishing four elements: 1) she belongs to a protected class; 2) she applied for and was qualified for the job; 3) she was rejected; 4) the defendant sought other applicants after the plaintiff was rejected. See *Walker v. Mortham*, 1998 WL 751043 (11th Cir., October 28, 1998)("A valid prima facie case creates a presumption that discrimination has occurred"). The burden of establishing a prima facie case is not onerous. The plaintiff must prove by a preponderance of the evidence that she applied for an available position for which she was qualified, but was rejected under circumstances which give rise to an inference of unlawful discrimination. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 251, 101 S.Ct. 1089, 1092 (1981).

Here, the plaintiff has established that she is a member of a protected class and that she applied for the position. Defendant has never argued that the plaintiff was unqualified for the position. The plaintiff was not hired for the position. However, this court finds that

the plaintiff is unable to meet her burden to establish that the defendant sought other applicants after she was rejected. The court notes that the Notice of Right to Sue letter from the EEOC stated, in relevant part, that "[i]n that no further openings were incurred and the duties of the part-time position were placed into the manager's responsibilities, EEOC cannot established (sic) that a violation of the statute was incurred." Exhibit 6 to defendant's filing of evidentiary material in support of its motion for summary judgment (doc. 26).

The defendant alleges that the position was already closed when the plaintiff applied for it, as the deadline had passed. This parallels what plaintiff was told when she arrived at the Vernon store, and this is reflected on the job posting filed with the court as Exhibit 1 of defendant's evidentiary submissions. The plaintiff has not shown any evidence that other applications after the plaintiff's were solicited by the defendant. Instead, the manager, a white male who was already performing the duties of this position, continued to perform these duties, along with his own.

As the court understood the plaintiff's argument, the plaintiff alleges that the position was technically filled by the manager to establish the fourth element of *McDonald Douglas*. Alternately, the plaintiff argues that the *McDonald Douglas* standard is incorrect because every employer could, under this standard, simply not fill a position to avoid liability for discrimination. However, as a practical matter, this court finds that employers should not be forced to fill unneeded positions. The court is not going to make this jump in the law to force employers to hire someone every time they advertise a position.

For the reasons stated above, this court is unable to find that the plaintiff has met her

burden of establishing a prima facie case of discrimination and therefore, no rebuttal by the defendant is required. *Texas Department of Community Affairs v. Burdine*, 450 U.S. at 251, 101 S.Ct. at 1092.

It is therefore **ORDERED** by the court that said motion for summary judgment be and hereby is **GRANTED**. It is further **ORDERED** by the Court that the need for a pretrial order is now **MOOT**.

**DONE** and **ORDERED** this the ⁄⁄20⁄⁄ day of November, 1998.

Inge P. Johnson
United States District Judge